**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> EDWIN YOSHIHIRO FUJINAGA; et al., <br><br> Defendants, <br><br> and <br><br> THE YUNJU TRUST, Relief Defendant and JUNE FUJINAGA, Relief Defendant, <br><br> Defendants-Appellants, <br> _____ <br><br> ROBB EVANS & ASSOCIATES LLC, <br><br> Receiver-Appellee. | No. 16-15623 <br><br> D.C. No. 2:13-cv-01658-JCM-CWH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 21, 2017[]
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and AMON,[***] District Judge.

June Fujinaga and a trust within her control, The Yunju Trust (collectively, "June"), were added as relief defendants in a case brought by the Securities and Exchange Commission (the "SEC") against June Fujinaga's husband, Edwin Fujinaga ("Edwin"). The SEC sought to disgorge the funds that June received from Edwin. After the district court found Edwin liable for securities violations, the SEC moved for summary judgment and disgorgement against June. Relying in part on June Fujinaga's assertion of her Fifth Amendment privilege against self-incrimination, the district court granted the SEC's motion for summary judgment and ordered June to disgorge $2.383 million. June filed a motion for reconsideration, which the district court granted in part and denied in part. The district court ultimately ordered June to disgorge $2.333 million.

June appeals. We review de novo an award of summary judgment. *McCormack v. Herzog*, 788 F.3d 1017, 1029 (9th Cir. 2015). We review for abuse of discretion an order of disgorgement, *SEC v. Platforms Wireless Int'l Corp.*, 617

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

F.3d 1072, 1096 (9th Cir. 2010), an order denying a motion for reconsideration, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000), and "a district court's decision to draw an adverse inference from a party's invocation in a civil case of the Fifth Amendment privilege against self-incrimination," *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 909 (9th Cir. 2008). We affirm.

June argues that summary judgment was improper because (1) the district court could not draw an adverse inference from June Fujinaga's assertion of her Fifth Amendment privilege as she had waived her privilege as a result of certain discovery disclosures, (2) the district court abused its discretion in drawing an adverse inference from June Fujinaga's assertion of her Fifth Amendment privilege, (3) June's production of W-2s and tax returns in response to discovery requests created a genuine issue of material fact as to whether June had a legitimate claim to some of the funds at issue, and (4) the record was inadequately developed. June also challenges the amount of disgorgement ordered by the district court, and the denial of her motion for reconsideration. June's arguments are unavailing.

**1.** June did not properly raise the primary argument she asserts on appeal—that June's discovery disclosures waived June Fujinaga's Fifth Amendment privilege. June first raised this argument in a reply in support of the

3

motion for reconsideration, at which time it was untimely. "A Rule 59(e) motion [to reconsider] may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. As a result, because June did not "properly" raise the issue in the district court, we will not consider it. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

**2.** "When a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion." *Nationwide Life Ins. Co.*, 541 F.3d at 911. "The inference may not be drawn 'unless there is a substantial need for the information and there is not another less burdensome way of obtaining that information.'" *Id.* at 912 (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000)). "Moreover, the inference may be drawn only when there is independent evidence of the fact about which the party refuses to testify." *Id.* June Fujinaga's testimony was necessary to determine whether June had a legitimate claim to the funds at issue. June Fujinaga was the only person in possession of the information regarding the legitimacy of June's claim to the funds; however, she refused to testify regarding that issue, depriving the SEC of its opportunity to obtain evidence on that question. Additionally, there was independent evidence of June's receipt of

illicit funds. The district court thus did not abuse its discretion in drawing an adverse inference from June Fujinaga's assertion of her Fifth Amendment privilege against self-incrimination. *See SEC v. Colello*, 139 F.3d 674, 678 (9th Cir. 1998) (holding that the district court did not abuse its discretion in drawing an adverse inference where the relief defendant "refused to give information necessary to determine whether he still possessed any of the funds or whether he had a legitimate claim to them").

3. Once the SEC carried its burden under Federal Rule of Civil Procedure 56(c), June was required to "come forward with 'specific facts showing there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Merely producing documents during discovery, as June did, does not satisfy that burden. Moreover, even if June had attached the W-2s and tax returns to the opposition to the SEC's motion for summary judgment, a genuine issue of material fact would not have existed. Those documents demonstrate merely that June Fujinaga received funds from Edwin's companies, but do not raise a genuine issue regarding whether she performed legitimate services in exchange for those funds.

4. The record in this case was sufficiently developed to support a grant of summary judgment. *Cf. Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1278–79 (9th

5

Cir. 1993) (discussing the necessity of an adequate factual record for deciding "important" and "far-reaching" questions). To the extent that the district court lacked the immaterial information June cites on appeal, that circumstance was occasioned not by an inadequate record, but rather, by June's failure to submit the evidence in opposition to the SEC's motion for summary judgment.

**5.** June's argument that the district court abused its discretion in ordering disgorgement fares no better. "The SEC bears the ultimate burden of persuasion that its disgorgement figure reasonably approximates the amount of unjust enrichment." *Platforms Wireless*, 617 F.3d at 1096 (internal quotation marks omitted). "Once the SEC establishes a reasonable approximation of defendants' actual profits, however, . . . the burden shifts to the defendants to demonstrate that the disgorgement figure was not a reasonable approximation." *Id.* (internal quotation marks omitted). The SEC approximated June's profits by aggregating the funds June received from Edwin and his companies during the relevant time period. In light of June Fujinaga's refusal to testify, the SEC had no better mechanism for calculating the disgorgement figure, and the district court did not abuse its discretion in deeming that calculation reasonable. In turn, June failed to rebut the SEC's calculation. *See id.* at 1097 ("[G]iven this failure of proof from defendants, it was not an abuse of discretion for the district court to conclude that

6

the entire proceeds from the sale were a 'reasonable approximation' of the profits from the transactions.").

**6.** Finally, June argues that the district court abused its discretion in denying in part the motion for reconsideration. However, "[o]ur abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**AFFIRMED.**